IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICK PEZZOLI,
        Plaintiff,

        v.

ALLEGHENY LUDLUM CORPORATION,
        Defendant.

10-cv-0427
**ELECTRONICALLY FILED**

**MEMORANDUM AND ORDER**

**I. Introduction**

Before this Court is Defendant Allegheny Ludlum Corporation's (ALC) Motion to Dismiss Complaint (Doc. No. 3) for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff alleges ALC discriminated against him on the basis of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ("ADEA"), and the Pennsylvania Human Relations Act, 43 Pa. Stat. § 951, et seq. ("PHRA"). After careful consideration of the motion and brief in support, the Court will grant the motion to dismiss without prejudice to Plaintiff filing an amended complaint.[1]

**II. Facts Averred in Complaint**

According to the Complaint, Plaintiff Patrick Pezzoli, who is over 40, applied for a full-time position of "laborer" with ALC in 2006. Plant Manager, William Knauss, received Mr. Pezzoli's screening, drug, and entrance tests results, and told Mr. Pezzoli that he would be the "#1 to be hired." Complaint (Doc. No. 1) at ¶11. In January of 2008, Mr. Knauss offered Mr. Pezzoli a three-week, part-time job. Mr. Knauss informed Mr. Pezzoli that not accepting the part-time position would not hinder him from eventually obtaining a full-time position, and that

---

[1] Plaintiff's response to the motion to dismiss was due on June 11, 2010. To date, Plaintiff has not filed a response or motion for enlargement of time.

Mr. Pezzoli would be hired when the next full-time position became available in April. *Id.* at ¶¶19-22. Mr. Pezzoli submitted another application and a resume for the full-time position of "laborer" to ALC in February of 2008. Although he alleges to have repeatedly requested an interview, Mr. Pezzoli was never granted an interview for the position.

On April 4, 2008, Mr. Pezzoli contacted ALC's Human Resources department to inquire why he had not been called for an interview. An employee told Mr. Pezzoli that he was not called because "there was something on his resume they didn't like." *Id.* at ¶27. Mr. Pezzoli alleges that "the only information on his resume which the Defendant might have found objectionable was that which suggested his age," and that this alleged reason was the motivating and key factor in Defendant's decision not to hire him. *Id.* at ¶¶29-30.

### III. Discussion

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), the Court accepts the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences therefrom in favor of the plaintiff. *Armstrong Surgical Ctr., Inc. V. Armrstrong County Mem'l Hosp.*, 185 F.3d 154, 155 (3d Cir. 1999). A claim should not be dismissed if the factual allegations raise a right to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007); *See also, Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (*Twombly* 's "plausibility" paradigm for evaluating the sufficiency of complaints is not restricted to the antitrust context but is equally applicable in context of civil rights actions and Rule 12(b)(6) review in general), (cited with approval in *Wilkerson v. New Media Tech. Charter School Inc.*, 522 F.3d 315, 321 (3d Cir. 2008)) ("Today we extend our holding in *Phillips* to the employment discrimination context. The plausibility paradigm

announced in *Twombly* applies with equal force to analyzing the adequacy of claims of employment discrimination.").

In *Twombly*, the Supreme Court reaffirmed that Fed.R.Civ.P. 8 requires only a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Twombly*, 127 S.Ct. at 1965. This standard does not require "detailed factual allegations." *Id.* Furthermore, Rule 8(a)(2) requires that the 'plain statement' possess enough heft to 'show that the pleader is entitled to relief.' " *Id*. at 1966. A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 1965 & n. 3. Once a claim has been stated adequately, it may be supported by showing any "set of facts consistent with the allegations in the complaint." *Id.* at 1969. Without some factual allegation in the complaint, however, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. *See Id.* at 1965 n. 3.

The Supreme Court's opinions in *Twombly*, and *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1955 (2009), have shifted pleading standards from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss. *Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir. 2009). After *Iqbal*, conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 210*,* (citing *Iqbal*, 129 S.Ct. at 1949). Civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible to prevent dismissal. *Id.* This then "allows the court to draw the reasonable inference that the defendant is

3

liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1948. Civil complaints must contain "more than an unadorned, the-defendant-unlawfully-harmed-me" accusation. *Id*., 129 S.Ct at 1949. As the Supreme Court instructed in *Iqbal*, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'shown'-'that the pleader is entitled to relief.' " *Id.*

**IV. Application**

In the specific context of age discrimination claims, "a mere allegation that an adverse employment action was motivated by age, without more, is the type of broad, conclusory allegation that the Supreme Court has found insufficient." *Pekar v. U.S. Steel/Edgar Thomson Works*, 2010 WL 419421, *7 (W.D. Pa. 2010). The plaintiff must provide sufficient, non-speculative and non-conclusory allegations that, accepted as true, state a claim for age discrimination under the ADEA. *Id.* Although the plaintiff is not required to plead evidence at this stage, he must make sufficient factual allegations that move beyond speculation and conjecture, and make a plausible showing of an unlawfully motivated employment action by ALC. *Id.* In this regard, to establish a disparate-treatment claim under the plain language of the ADEA, a plaintiff must prove that age was the "but-for" cause of the employer's adverse decision. *Gross v. FBL Financial Services*, 129 S.Ct. 2343, 2350 (2009). Under the ADEA, a plaintiff cannot establish discrimination by showing that age was simply a motivating factor. *Id.* at 2349.

Mr. Pezzoli has not alleged sufficient, non-speculative and non-conclusory specific facts that show he is entitled to relief under the ADEA and PHRA. Under the ADEA, a plaintiff must initially establish that: (1) he was over 40 at the time he applied for the position in question; (2)

4

he was qualified for the position in question; (3) despite his qualifications, he was rejected; and (4) the employer ultimately filled the position with someone sufficiently younger to permit an inference of age discrimination. *Narin v. Lower Merion School Dist.*, 206 F.3d 323, 331 (3d Cir.2000) (citing *Brewer v. Quaker State Oil Ref. Corp.*, 72 F.3d 326, 330 (3d Cir.1995)); *Sempier v. Johnson & Higgins*, 45 F.3d 724, 728 (3d Cir.1995). This same legal framework is also applied to PHRA claims. *E.g., Kautz v.* Met-Pro *Corp.,* 412 F.3d 463, 466 n. 1 (3d Cir. 2005)*; Gomez v. Allegheny Servs., Inc.,* 71 F.3d 1079, 1084 (3d Cir. 1995).

The Complaint addresses the first two elements of a prima facie case under the ADEA (that Mr. Pezzoli was over 40 and qualified for the position of laborer) but fails to asserts facts that despite his qualifications, his age was the "but-for" cause of ALC's decision not to hire him. Not only does Mr. Pezzoli fail to allege any non-speculative, non-conclusory facts that might support an inference of age discrimination as a "but-for" cause, he also fails to assert that ALC ultimately filled the position with someone sufficiently younger than him that would permit an inference of age discrimination.

The Court finds that Mr. Pezzoli's complaint does not sufficiently plead that ALC discriminated against him. His claim that the his age is the only objectionable information on his resume is a speculative legal conclusion couched as a fact, and cannot be said to resemble anything "more than labels and conclusions." *Twombly*, 127 S.Ct. at 1959. Mr. Pezzoli has, therefore, failed to move his claim against ALC "across the line from conceivable to plausible." *Id.* at 1961.

## V. Conclusion

Mr. Pezzoli's complaint fails to satisfy the standards announced in *Twombly* and *Iqbal*. Accordingly, the Complaint will be dismissed without prejudice to Plaintiff filing an amended complaint to attempt to cure the deficiency.

**AND NOW**, this 15th day of June, 2010, for the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant Allegheny Ludlum Corporation's Motion to Dismiss (Doc. No. 3) is **GRANTED**, without prejudice to Plaintiff to file an Amended Complaint. Plaintiff's Amended Complaint shall be filed on or before **June 30, 2010**; defendant's response (Answer or Motion to Dismiss) thereto shall be filed on or before **July 7, 2010.**

**SO ORDERED**

 s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties