IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PATRICK PEZZOLI,
    Plaintiff,

    v.

ALLEGHENY LUDLUM CORPORATION,
    Defendant.

10-cv-0427
**ELECTRONICALLY FILED**

**MEMORANDUM OPINION**

### I. Introduction

Plaintiff's Complaint alleges Allegheny Ludlum Corporation (ALC) discriminated against him on the basis of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ("ADEA"), and the Pennsylvania Human Relations Act, 43 Pa. Stat. § 951, et seq. ("PHRA"). This Court previously granted defendant ALC's Motion to Dismiss Complaint (Doc. No. 3) for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6) without prejudice to plaintiff filing an amended complaint. Memorandum and Order of June 15, 2010 (Doc. No. 8), finding that plaintiff's Complaint failed to pass the *Twombley-Iqbal* Rule 12(b)(6) standards. See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, --- U.S. ---, 129 S.Ct. 1937, 1955 (2009)).

### II. Facts Averred in Complaint, Discussion of Law and Application

In its Memorandum and Order, this Court concluded that Mr. Pezzoli's Complaint did not sufficiently plead that ALC discriminated against him, and, instead, merely advanced speculative legal conclusions couched as fact, and failed to move his claim against ALC "across the line from conceivable to plausible." *Twombly*, 127 S.Ct. at 1959.

More specifically, this Court previously stated as follows:

> In the specific context of age discrimination claims, "a mere allegation that an adverse employment action was motivated by age, without more, is the type of broad, conclusory allegation that the Supreme Court has found insufficient." *Pekar v. U.S. Steel/Edgar Thomson Works*, 2010 WL 419421, *7 (W.D. Pa. 2010). The plaintiff must provide sufficient, non-speculative and non-conclusory allegations that, accepted as true, state a claim for age discrimination under the ADEA. *Id.* Although the plaintiff is not required to plead evidence at this stage, he must make sufficient factual allegations that move beyond speculation and conjecture, and make a plausible showing of an unlawfully motivated employment action by ALC. *Id.* In this regard, to establish a disparate-treatment claim under the plain language of the ADEA, a plaintiff must prove that age was the "but-for" cause of the employer's adverse decision. *Gross v. FBL Financial Services*, 129 S.Ct. 2343, 2350 (2009). Under the ADEA, a plaintiff cannot establish discrimination by showing that age was simply a motivating factor. *Id.* at 2349.
>
> Mr. Pezzoli has not alleged sufficient, non-speculative and non-conclusory specific facts that show he is entitled to relief under the ADEA and PHRA. Under the ADEA, a plaintiff must initially establish that: (1) he was over 40 at the time he applied for the position in question; (2) he was qualified for the position in question; (3) despite his qualifications, he was rejected; and (4) the employer ultimately filled the position with someone sufficiently younger to permit an inference of age discrimination. *Narin v. Lower Merion School Dist.*, 206 F.3d 323, 331 (3d Cir.2000) (citing *Brewer v. Quaker State Oil Ref. Corp.*, 72 F.3d 326, 330 (3d Cir.1995)); *Sempier v. Johnson & Higgins*, 45 F.3d 724, 728 (3d Cir.1995). This same legal framework is also applied to PHRA claims. *E.g., Kautz v. Met-Pro Corp.,* 412 F.3d 463, 466 n. 1 (3d Cir. 2005)*; Gomez v. Allegheny Servs., Inc.,* 71 F.3d 1079, 1084 (3d Cir. 1995)*.*
>
> The Complaint addresses the first two elements of a prima facie case under the ADEA (that Mr. Pezzoli was over 40 and qualified for the position of laborer) but fails to assert facts that despite his qualifications, his age was the "but-for" cause of ALC's decision not to hire him. Not only does Mr. Pezzoli fail to allege any non-speculative, non-conclusory facts that might support an inference of age discrimination as a "but-for" cause, he also fails to assert that ALC ultimately filled the position with someone sufficiently younger than him that would permit an inference of age discrimination.
>
> The Court finds that Mr. Pezzoli's complaint does not sufficiently plead that ALC discriminated against him. His claim that his age is the only objectionable information on his resume is a speculative legal conclusion couched as a fact, and cannot be said to resemble anything "more than labels and conclusions." *Twombly*, 127 S.Ct. at 1959. Mr. Pezzoli has, therefore, failed to move his claim against ALC "across the line from conceivable to plausible." *Id.* at 1961.

Memorandum and Order (Doc. No. 8), at 4-5.

### III. Amended Complaint

The Court granted ALC's initial motion to dismiss without prejudice to plaintiff to file an amended complaint on or before June 30, 2010. That date came and went without an amended complaint or any other pleading by plaintiff, and on July 13, 2010, defendant filed a Renewed Motion to Dismiss Complaint (Doc. No. 12), to which this Court ordered plaintiff to respond by July 19, 2010.

On July 19, 2010, plaintiff filed his Brief in Opposition to Motion to Dismiss (Doc. No. 18) responding to defendant's initial motion to dismiss, and requesting leave of court to file an attached Amended Complaint (Doc. No. 18-1) which, plaintiff asserts, adds sufficient averments to cure the deficiency in his initial complaint. Plaintiff's Amended Complaint remains deficient, however, as it does not add *any* factual averments to support the third and fourth elements of his prima facie case. The critical factual averments set forth in the Amended Complaint remain conclusory and speculative: plaintiff continues to claim that the "only information on his resume which the Defendant might have found objectionable was that which suggested his age," that his "age actually motivated and was a key factor in the Defendant's decision not to hire him," and that Defendant's failing to hire Mr. Pezzoli "on account of his age is in violation of the Age Discrimination in Employment Act." Amended Complaint (Doc. No. 18-1) at ¶¶ 31-33.

Given the opportunity to amend his complaint to add averments, not just conclusions, in support of the missing elements of his prima facie case, plaintiff opted instead to rely on the same inadequate conclusory statements. The Court must conclude, therefore, that plaintiff is unable to cure the deficiency in his Complaint, and will grant ALC's Renewed Motion to Dismiss and dismiss the Complaint with prejudice.

A separate Order of Court will follow.

July 20, 2010

           s/ Arthur J. Schwab
           Arthur J. Schwab
           United States District Judge

cc: All Registered ECF Counsel and Parties